NATIONAL BANK OF STANFORD v. JULIA A. REED ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—346.]

**Judgment for Want of a Reply.**

Where in a suit on a promissory note the statute of limitations is pleaded as a defense and no reply is filed showing facts why the defense is not good, until after judgment, it is then too late to file a reply.

APPEAL FROM BOYLE COURT OF COMMON PLEAS.

October 7, 1882.

OPINION BY JUDGE HARGIS:

The appellee executed a promissory note to John M. McClure, negotiable and payable at the appellant bank, which was organized under the National Banking Act of the United States. McClure indorsed the note in the usual form to the appellant and it brought this action on that paper against the appellees who pleaded that it was over five years due at the institution of the suit and had been indorsed to and discounted by the appellant and was therefore barred by the statute of limitations. The reply was filed to the answer of the appellees and on hearing judgment was rendered for them in bar of the action. The appellant, two days after the judgment, without giving any reason for failing to reply before the judgment, tendered a reply and asked the court to set aside the judgment and permit the reply to be filed, which the court refused to do and the appellant has appealed. The action of the court was right for two reasons:

1. No sufficient reason was shown for neglecting to reply at the proper time, and no explanation whatever of the neglect of the appellant was offered. 2. Because the reply was insufficient as a traverse or plea in avoidance.

It appears from the record filed with appellant's petition that it had, several years before, brought suit on the identical note against McClure as indorser, alleging that it was the owner of the note which was indorsed and transferred to appellant by McClure, and "placed upon the footing of a foreign bill of exchange." This suit was dismissed but the reply discloses no reason for the dismissal or explanation of the solemn admissions made by the appellant in that suit as shown by the allegations referred to above. The allegations in the reply that the note was executed by the appellees and indorsed as an accommodation indorser by McClure for the purpose of taking up a former note of the appellees of like character do not necessarily negative the solemn admission that the note had been placed upon the footing of a foreign bill of exchange, and the inference following that admission that the appellant had discounted the note and was, therefore, entitled to it against all equities existing between the drawers and indorsers.

Taking all the appellant's pleadings together, it does not certainly appear whether the note was discounted or not. The appellant alleged in the first suit, and made a part of its present petition, substantially that the note had been discounted, and this is denied in the reply but no mistake is suggested for the inconsistencies in its pleadings which are therefore bad.

Wherefore the judgment is *affirmed*.

*Hill & Alcorn, for appellant.*

*W. B. Harrison, Thompson & Thompson, Samuel & Robt. Harding, for appellees.*